IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:06-CR-188-ALM-CAN |
| | § | |
| JUAN FRANCISCO SALAZAR (1) | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Now before the Court is the request for revocation of Defendant Juan Francisco Salazar's ("Defendant") supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on April 22, 2022, to determine whether Defendant violated his supervised release. Defendant was represented by Mike Pannitto of the Federal Public Defender's Office. The Government was represented by Assistant United States Attorney Marisa Miller.

Defendant was sentenced on June 27, 2007, before The Honorable Richard A. Schell of the Eastern District of Texas after being found guilty of the offense of Tampering with an Informant by Intimidation, Physical Force, Threats or Misleading Conduct, a Class A felony. This offense carried a statutory maximum imprisonment term of up to life. The guideline imprisonment range, based on a total offense level of 30 and a criminal history category of VI, was 168 to 210 months. Defendant was subsequently sentenced to 210 months imprisonment followed by a five-year term of supervised release subject to the standard conditions of release, plus special conditions to include submission of requested financial information, substance abuse testing and treatment, GED, and a mandatory special assessment of $100.00. On January 7, 2022, Defendant completed his period of imprisonment and began service of the supervision term.

On March 29, 2022, the United States Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 65, Sealed]. The Petition asserts that Defendant violated four (4) conditions of supervision, as follows: (1) The defendant shall not commit another federal, state, or local crime; (2) The defendant shall not unlawfully possess a controlled substance; (3) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician; and (4) You shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of U.S. Probation office, until such time as the defendant is released from the program by the probation officer [Dkt. 65 at 1-2, Sealed].

The Petition alleges that Defendant committed the following acts: (1) (2) (3) On Thursday, March 17, 2022, a Cooke County Sergeant was patrolling a street in Gainesville, Texas, when he observed a bicyclist riding in the oncoming traffic lane which is in violation of Texas Transportation Code § 551.103. The Sergeant made contact with the bicyclist who identified himself as Defendant. Defendant immediately stated he was on federal probation, and he needed to call this officer. Defendant was asked for consent to search his pockets which he granted. In Defendant's left front pants pocket, the sergeant located a black bottle. Inside the black bottle, he located a clear wrapper containing a green leafy substance which the sergeant recognized to be marijuana. The Cooke County Sergeant collected the marijuana and released Defendant. He then returned to the Cooke County Sheriff's Office where he field tested the green leafy substance which showed presumptive positive for marijuana and weighed approximately 1 gram with packaging. The case was forwarded to the Cooke County Attorney's Office on the charge of Possession of Marijuana<2 ounces which is a Class B Misdemeanor; and (4) Defendant failed to

submit a random drug test at McCary Counseling, Denton, Texas, on March 16 and 21, 2022 [Dkt. 65 at 1-2, Sealed].

Prior to the Government putting on its case, Defendant entered a plea of true to each of the allegations. Having considered the Petition and the plea of true to allegations 1, 2, 3, and 4, the Court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this Court [Dkts. 76; 77].

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for a term of eight (8) months, with a term of supervised release of fifty-two (52) months to follow.

The Court further recommends the imposition of the following special conditions: (1) You must participate in a program of testing and treatment for drug abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You must pay any cost associated with treatment and testing; (2) You must provide the probation officer with access to any requested financial information for purposes of monitoring your efforts to secure and maintain employment; (3) You must participate in any combination of psychiatric, psychological, or mental health treatment programs, and follow the rules and regulations of that program, until discharged. This includes taking any mental health medication as prescribed by your treating physician. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You must pay any cost associated with treatment and testing; and (4) You must reside

in a residential reentry center or similar facility, in a prerelease component for a period of 180 days to commence upon release from confinement and must observe the rules of that facility. Should you obtain a residence approved by the probation officer during the 180-day placement, you must be released.

The Court also recommends that Defendant be housed in a Bureau of Prisons facility in FCI Three Rivers, if appropriate.

**SIGNED this 29th day of April, 2022.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE