IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | CRIMINAL ACTION NO. 4:06-CR-00188- |
| § | ALM-AGD |
| JUAN FRANCISCO SALAZAR (1) § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Now before the court is the request for revocation of Defendant Juan Francisco Salazar's ("Defendant") supervised release. After the District Judge referred the matter to this court for a report and recommendation, the court conducted a hearing on June 10, 2024, to determine whether Defendant violated his supervised release. Defendant was represented by Michael Pannitto of the Federal Public Defender's Office. The Government was represented by Maureen Smith.

Defendant was sentenced on June 27, 2007, before The Honorable Richard A. Schell of the Eastern District of Texas after pleading guilty to the offense of Tampering with an Informant by Intimidation, Physical Force, Threats or Misleading Conduct, a Class A felony. This offense carried a statutory maximum imprisonment term of up to life. The guideline imprisonment range, based on a total offense level of 30 and a criminal history category of VI, was 168 to 210 months. Defendant was subsequently sentenced to 210 months imprisonment followed by a five-year term of supervised release subject to the standard conditions of release, plus special conditions to include submission of requested financial information, substance abuse testing and treatment, GED, and a mandatory special assessment of $100. On January 7, 2022, he completed his period of imprisonment and began service of the supervision term (Dkt. #84 at p. 1, Sealed).

On March 24, 2022, the case was reassigned to The Honorable Amos L. Mazzant, III. On May 12, 2022, Defendant's supervision was revoked for violating his terms of supervised release

REPORT AND RECOMMENDATION – Page 1

by possessing marijuana and failing to submit to random drug tests. Defendant was sentenced to eight months imprisonment followed by 52 months of supervised release. Defendant was sentenced to the standard conditions along with special conditions to include substance abuse testing and treatment, submission of financial information, mental health treatment and medication, and placement in a residential reentry center if homeless. On December 5, 2022, Defendant completed his term of imprisonment and began his term of supervised release. This term expires on April 4, 2027 (Dkt. #84 at p. 1, Sealed).

On April 16, 2024, the United States Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision (Dkt. #81, Sealed). The Petition asserts that Defendant violated five (5) conditions of supervision, as follows: (1) <u>Mandatory Condition</u> Defendant must refrain from any unlawful use of a controlled substance; (2) <u>Standard Condition</u> Defendant must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses Defendant from doing so. If Defendant does not have full-time employment, Defendant must try to find full-time employment unless the probation officer excuses Defendant from doing so. If Defendant plans to change where he works, or anything about his work (such as his position or his job responsibilities), Defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, Defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change; (3) <u>Standard Condition</u> If Defendant is arrested or questioned by a law enforcement officer, he must notify the probation officer within 72 hours; (4) <u>Special Condition</u> Defendant must participate in a program of testing and treatment for substance abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise Defendant's

participation in the program. Defendant must pay any cost associated with treatment and testing; and (5) <u>Special Condition</u> Defendant must participate in any combination of psychiatric, psychological, or mental health treatment programs, and follow the rules and regulations of that program, until discharged, which includes taking any mental health medication as prescribed by Defendant's treating physician. The probation officer, in consultation with the treatment provider, will supervise Defendant's participation in the program. Defendant must pay any cost associated with treatment and testing. (Dkt. #81 at pp. 1–3, Sealed).

The Petition alleges that Defendant committed the following acts: (1) On February 6, 2024, Defendant submitted a urine specimen at the U.S. Probation office in Sherman, Texas which was positive for methamphetamine. The specimen was confirmed positive for D-Methamphetamine 98% by Abbott Labs; (2) Defendant failed to maintain employment for the months of February, March, April, May, and July 2023; January, February, and March 2024. Defendant was referred to the Texas Workforce Commission and the Texas Department of Disability and Rehabilitation Commission for employment assistance several times. On January 11, 2024, Defendant told his probation officer that he did not need the referrals because he "knows how to work."; (3) Defendant had contact with the Gainesville, Texas Police Department and failed to notify the U.S. Probation Office with 72 hours on April 10, 2023, and February 7 and 11, 2024. Additionally, he had contact with the Ardmore, Oklahoma Police Department and failed to notify the U.S. Probation Office within 72 hours on April 7, 2024; (4) On March 21, 2024, Defendant was unsuccessfully discharged from the Adult & Teen Challenge Recovery program due to his continued resistance to authority and his continued behaviors that were disruptive to the program for himself and others; and (5) In August 2023, Defendant was seeking mental health services via Cooke County MHMR.

By November 2023, Defendant had stopped taking his medication and stopped attending his appointments (Dkt. #81 at pp. 1–3, Sealed).

Prior to the Government putting on its case at the final revocation hearing, Defendant entered a plea of true to all allegations in the Petition. Having considered the Petition and the plea of true to all allegations, the court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this court.

### RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, the court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for an additional term of twenty-one (21) months, with no term of supervised release to follow.

The court also recommends that Defendant receive substance abuse counseling through the Residential Drug Abuse Program.

The court also recommends that Defendant be housed in a Bureau of Prisons facility in the El Reno, Oklahoma area, if appropriate.

**SIGNED this 8th day of July, 2024.**

*[Signature: Aileen Goldman Durrett]*
AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE